IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHELLE L. FRISBEE                                           PLAINTIFF

V.                      Civil No. 2:18-cv-2100-MEF

NANCY A. BERRYHILL, Acting
Commissioner Social Security Administration                DEFENDANT

**<u>FINAL JUDGMENT</u>**

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and the parties having waived oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court does not find substantial evidence to support the ALJ's RFC determination in this case. The RFC fails to account for the Plaintiff's visual impairments resulting from diabetic retinopathy that has progressed to macular edema, sixth nerve palsy, and cataracts. Consequently, on remand, the ALJ is ordered to obtain an RFC assessment from the Plaintiff's treating ophthalmologist to determine exactly how her visual impairments will impact her ability to perform work-related activities. If her ophthalmologist is unable or otherwise unwilling to provide

such an assessment, then the ALJ is directed to obtain a consultative examination complete with an RFC assessment.

The record also does not contain an RFC assessment that accounts for any limitations resulting from the emergency lumbar laminectomy Plaintiff underwent in May 2016 due to a herniated disk at the L4-5 level and cauda equina syndrome. Although the ALJ did incorporate the status-post surgery lifting restrictions imposed by Plaintiff's treating neurosurgeon, Dr. Arthur Johnson, Dr. Johnson was not asked to complete an RFC assessment. And, he never offered an opinion as to the Plaintiff's ability to sit, stand, walk, bend, crouch, squat, climb, kneel, or balance. Further, the evidence concerning Plaintiff's surgery was not in the record at the time the state agency consultants reviewed the medical evidence and offered their assessment of the Plaintiff's RFC.

Accordingly, the ALJ is ordered to obtain an RFC assessment from Plaintiff's treating neurosurgeon. Should he be unable or unwilling to provide one, then the ALJ should obtain a consultative exam complete with an RFC assessment that accounts for the Plaintiff's back impairment, including any residuals from her lumbar laminectomy.

IT IS SO ORDERED AND ADJUDGED on this the 17th day of May 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE